UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: THOMAS E. NOBLE LITIGATION                               MDL No. 2745

ORDER DENYING TRANSFER

**Before the Panel:**[*] Plaintiff Thomas E. Noble moves under 28 U.S.C. § 1407 to centralize two actions in an "impartial" district outside the Third Circuit.[1] The actions, which are listed on the attached Schedule A, are pending in the District of Delaware and the Eastern District of Pennsylvania. Plaintiff also asks the Panel to reopen certain cases previously closed in the District of Delaware. No defendants responded to the Section 1407 motion.[2]

After considering plaintiff's arguments, we deny centralization. The two actions have little, if any, factual overlap. They appear primarily to stem from plaintiff's dissatisfaction with a September 13, 2004, order issued by Judge Kent A. Jordan, who was then a judge for the District of Delaware, in an earlier civil rights action brought by plaintiff. In that order, Judge Jordan barred plaintiff from filing any future *pro se* civil rights complaints in the District of Delaware without prior court approval. The Panel has no authority to review either Judge Jordan's barring order or subsequent orders giving effect to the barring order.[3] *See In re: Wells Fargo Inspection Fee Litig.*, 158 F. Supp. 3d 1366, 1367 (J.P.M.L. 2016) ("The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts.") (internal quotation marks and citation omitted). To the extent that the actions share factual issues, plaintiff has failed to demonstrate that centralization will serve the overall convenience of the parties and promote the just and efficient conduct of the litigation.

Additionally, plaintiff's request for centralization in an "impartial" district outside the Third Circuit misconstrues the Panel's role. As the Panel has held, the possibility that another district judge may be more favorably disposed to a particular litigant's position is not a factor in the Section 1407 analysis. *See In re: Glenn W. Turner Enters. Litig.*, 368 F. Supp. 805, 806 (J.P.M.L.1973) ("[T]he prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention is clearly not a factor

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] Plaintiff is proceeding *pro se*.

[2] In his notice waiving oral argument, counsel for defendant Judge Kent A. Jordan stated that defendant does not oppose centralization in the District of Delaware.

[3] The Panel also lacks authority to direct a district court to re-open closed cases.

-2-

considered by the Panel in exercising its discretion under Section 1407."); *see also In re: David Kissi, et al., Litig. (No. II)*, 923 F. Supp. 2d 1367, 1369 (J.P.M.L. 2013) ("[Movants'] stated purpose for seeking transfer to the Central District of California–evading the perceived bias of the judges that have been assigned these actions in the [two putative transferor districts]–is not a proper basis for centralization."); *In re: Isidoro Rodriguez Litig.*, 829 F. Supp. 2d 1379, 1380 (J.P.M.L. 2011) (rejecting movants' request for centralization before an "impartial panel").

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Charles R. Breyer        Lewis A. Kaplan
Ellen Segal Huvelle      R. David Proctor
Catherine D. Perry

**IN RE: THOMAS E. NOBLE LITIGATION**  MDL No. 2745

## SCHEDULE A

<u>District of Delaware</u>

NOBLE v. JOHN SEBASTIAN, ET AL., C.A. No. 1:16-00406

<u>Eastern District of Pennsylvania</u>

NOBLE v. JORDAN, C.A. No. 2:16-03303